MATTHEW J. KEARNEY, Respondent, v. JOHN H. KEARNEY and Others, Defendants, Impleaded with JOHN C. COSGROVE, Appellant.

(*Supreme Court, Appellate Division, First Dept., December 3, 1915.*)

WILL CONSTRUED—PROVISION THAT THE SHARE OF DEVISEE WHO DIES BEFORE TESTATOR SHALL GO TO SURVIVING BROTHERS—PRESUMPTION AGAINST INTENTION TO CREATE INTESTACY.

Action for partition involving the construction of a will devising real estate. The testator gave a business carried on by him to his three sons in equal shares, with a provision that the share of any son who should

die before the testator should go to his surviving brothers. The devise to one son, W., was made upon the condition that he give up the use of intoxicating liquors, the share to go eventually to the other brothers if he failed to do so, with a further provision that if W. should die within five years, leaving issue him surviving, the income of his share should go to the issue for five years and thereafter to the surviving brothers. The daughters of the testator were entirely excluded from any interest disposed of by this clause of the will.

The daughters, however, were provided for in a subsequent clause which the will stated was intended to effect " an equal distribution" of the estate among the testator's children. By a subsequent clause the testator gave to his grandson, whose mother had died prior to the making of the will, a legacy of a specific sum of money and then by the residuary clause made a division of the residue among his other children, their issue, if any, to take the parent's share *per stirpes*, in case the parent was not living at the testator's death. There was a similar provision making W.'s share in the residue contingent upon his giving up the use of intoxicating liquors. W., however, died without issue before the testator.

*Held*, that the testator did not intend to create an intestacy as to W.'s share if he died before the testator, and, hence, the grandson of the deceased daughter did not share in W.'s portion, which passed, on the contrary, to his surviving brothers and sister.

A will will be so construed as to avoid intestacy, if possible.

LAUGHLIN and DOWLING, JJ., dissented.

APPEAL by the defendant, John C. Cosgrove, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of July, 1915, upon the decision of the court after a trial at the New York Special Term.

Myles A. Walsh, for the appellant.

Richard Kelly, for the respondent.

McLAUGHLIN, J.— This action was brought for the partition of certain real estate of which Patrick H. Kearney was seized at the time of his death. He died February 4, 1913, leaving a will which was admitted to probate and letters testamentary

issued to the executors therein named. The appellant is a son of the testator's daughter Jennie, who died prior to the making of the will, and claims the testator died intestate as to the one-fourth interest of the residuary estate sought to be given by the 5th clause of the will to the son William, who also died prior to the testator, and that as an heir at law he is entitled to share therein. The respondent contends that under the terms of the testator's will the appellant is not entitled to any interest in the residuary estate, since the same is specifically given to the testator's children Matthew, John and Margaret. The court at Special Term sustained the contention of the respondent, and from a judgment to that effect the appeal is taken.

The correctness of the contention made by the respective parties necessarily depends upon the construction to be put upon the residuary clause of the will. When the will is considered in its entirety, it seems to me the testator intended to exclude the appellant from any share in his residuary estate. By its 2d paragraph the testator gave the business which he was carrying on in the city of New York to his three sons, Matthew, William and John, in equal shares, and in the event of the death of any before him then he gave and bequeathed his one-third part or interest in the business to his surviving brothers or brother. The one-third, however, given to the son William was subject to a provision that unless he had entirely given up the use of intoxicating liquors, then he gave his one-third to the executors, in trust, to apply the income arising therefrom to and for the benefit of William for a period of five years, and upon the expiration of said five years, if the son had not then given up the use of intoxicating liquors, to assign, transfer and pay over such one-third to the surviving brothers or brother; subject to the further provision that if the son William should die during the period of five years, leaving lawful issue him surviving, then to apply such net income to and for the benefit of the issue, but only for the unexpired portion of

said five years, and at the expiration of said time to assign, transfer and pay over the same to the surviving brothers or brother. Under this clause of the will the daughter Margaret and the appellant were excluded from taking any interest whatever in the property there sought to be disposed of.

By the 3d paragraph of the will, after providing, " In order that there may be an equal distribution of my estate among my four children," the testator gave to Margaret an amount equal to one-fourth of the appraised value of the business disposed of by the 2d paragraph, and directed that, in the event that his sons were not able to pay the daughter such an amount in cash, then they should pay her interest thereon at the rate of four and one-half per cent. per annum until fully paid, and in the event of the death of the daughter before such amount was paid, leaving issue, such amount should be paid to the issue; and if she left no issue, then whatever remained unpaid should be paid over to her surviving brothers or brother, share and share alike.

By the 4th paragraph of the will the testator gave to his grandson, the appellant, the sum of $3,000, and directed that the same be paid to him, with any accumulations of interest thereon, when he arrived at the age of twenty-one years, and if he died prior to that time, then the testator gave said sum to his surviving children, share and share alike.

By the 5th, or residuary clause of the will, the testator gave one-fourth to Matthew, one-fourth to John, one-fourth to Margaret, and expressly provided that in case of the death of any one of them leaving lawful issue, the issue should take the share which the parent would have taken had he or she been living, but if they left no issue, then and in that case the share of the one so dying should be divided equally among the surviving brothers and sister. As to the remaining one-fourth, the same was given to the son William provided he had given up the use of intoxicating liquors, and if he had not, then the income there-

from was to be applied for the benefit of such son during the term of his life, and upon his death leaving lawful issue, the principal, together with any accumulations, should go to such issue, share and share alike. Then followed the provision, separated only by a comma from what had preceded it, that " in the event of the death of my said son William J. Kearney without leaving lawful issue him surviving, then to pay over the principal of the said trust fund and accumulations thereon, if any, to his surviving brothers and sister, share and share alike, *per stirpes* and not *per capita*."

It may be, as contended by the appellant, that the language here used indicates that the testator believed that William would survive him, but such language also indicates an intent, and especially when read in connection with the other provisions of the will, that in the event that William died without issue, the share thus given to him should go to the surviving brothers and sister, and that the appellant should have no interest therein. The provision made for him in the 4th clause of the will was the only interest which it seems to me the testator intended to give him, whether William died prior or subsequent to the death of the testator.

The testator was seeking to dispose of his entire estate, and from the language used in the residuary clause I am unable to reach a conclusion other than that he supposed he had effectually done so. It would be a forced and unnatural construction to hold that the testator died intestate as to the one-fourth interest sought to be given to William in the residuary clause of his will simply because William predeceased him. It will be observed in this clause there are four separate provisions as to this share or interest: (a) One-fourth of the testator's residuary estate is given to William if he had given up the use of intoxicating liquors; (b) if not, he was to be given only the income thereof during his life; (c) in that event, upon William's death, that share of interest passed to his issue, if he left any;

and (d) if he left no issue, then such share was given to the surviving brothers and sister. These provisions are separated from each other only by commas. The intention of the testator must be ascertained, as already indicated, by construing the instrument as a whole and not an isolated portion of it. When the whole will is considered, the conclusion seems to me irresistible that the testator did not intend, under any circumstances, that the appellant should take any part of his estate other than the $3,000 given to him by the 4th clause. This conclusion is also strengthened by the presumption that he intended to dispose of his entire estate, and not to die intestate as to any part of it.

In reaching this conclusion the authorities cited by the appellant have not been overlooked. They are not in point or are clearly distinguishable from the present case.

The judgment appealed from, therefore, is right and should be affirmed, with costs to the respondent payable out of the estate.

INGRAHAM, P. J., and CLARKE, J., concurred; LAUGHLIN and DOWLING, JJ., dissented.

Judgment affirmed, with costs to respondent payable out of the estate.